# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13CR457 HEA |
| | ) |
| JASON W. KIRLIN, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

On April 20, 2015, Defendant pled guilty to one count of conspiracy to commit money laundering in violation of 18 U.S.C. 1956(h) and 1956(a)(1)(B). On July 27, 2015, Defendant was sentenced to a term 120 months in the Bureau of Prisons (BOP). In addition, the Court recommended placement in the Residential Drug Abuse Program (RDAP) and that Defendant be placed in a facility that offers a computer training program. Defendant is currently confined at FPC Yankton in Yankton, South Dakota. Defendant's projected release date is May 22, 2021.

On October 8, 2020, Defendant filed a motion requesting emergency relief for a sentence reduction pursuant to compassionate release. Defendant is 41 years old and states that he "suffers from an underlying health problem that puts him at-risk for death or serious injury if he were to contract COVID-19. On November13,

2020, Defendant filed a *pro se* supplement to his motion, and on November 25, 2020, counsel for Defendant filed a supplemental motion.

"The law is clear: absent statutory authority, the Court cannot reduce a final sentence." *United States v. Adem*, No. 4:19-cr-00676-AGF, slip op. at 1 (Mar. 19, 2020)(rejecting an unopposed request for early release of six days in light of the coronavirus pandemic); *Dillon v. United States*, 560 U.S. 817, 825 (2010) ("'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances." (quoting 28 U.S.C. § 3582(b)).

Defendant is seeking a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act. Congress has subsequently changed the rule that a court could only modify a sentence upon motion from the Bureau of Prisons. *United States v. Gileno*, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020). Congress amended section 3582(c) to include the following language:

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

2

>request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). A defendant therefore may now move the sentencing court for a reduced sentence but only "after (1) fully exhausting his administrative remedies, or (2) a lapse of 30 days from the warden's receipt of the defendant's request." *United States v. Miller*, No. 2:16- CR-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020).

While the First Step Act changed who could file a motion for compassionate release, it did not alter the requirements for granting relief. *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) ("Congress in fact only expanded access to the courts; it did not change the standard."). Under the unmodified language in section 3582(c)(1)(A)(i), a sentencing court may reduce a term of imprisonment only for "extraordinary and compelling reasons." This phrase, in turn, is defined by the Sentence Commission's binding policy statement in § 1B1.13 of the Guidelines Manual. Section 1B1.13 "limits the universe of extraordinary and compelling reasons to five categories": (A)(i) terminal illness,

3

(A)(ii) debilitating medical conditions, (B) advanced age, (C) death or incapacitation of certain family members, and (D) other extraordinary and compelling reasons determined by BOP. *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019) (citing U.S.S.G. § 1B1.13 cmt. n.1). Additionally, before granting early release, the court must verify that the "defendant is not a danger to the safety of any other person or to the community" and consider whether a lesser sentence is appropriate under the section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). Applying this framework to the present case, the Court will deny Defendant's request because he does not qualify for a reduced sentence under the First Step Act.

After a full review of the filings, the Court does not find extraordinary or compelling circumstances warranting defendant's release from the BOP.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release [Doc. #607], and his Emergency Motion For Compassionate Release

4

Under 18 U.S.C. § 3582(C)(1)(A), [Doc. #613] are denied.

Dated this 30th day of November, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

5